UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EDUARD ERIK TRINKL a.k.a. ERIK TRINKL,<br><br>        Plaintiff,<br><br>v.<br><br>ALDOUS & ASSOCIATES; and DAN GEORGE (an individual),<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND SCHEDULING DEADLINES (DOC. NO. 20)**<br><br>Case No. 2:23-cv-00938<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Eduard Erik Trinkl has filed a motion seeking an order:

(i) requiring [] Defendant Aldous & Associates to attend at the court reporter's office for Defendant's deposition upon written questions; and (ii) extending the time for Plaintiff's motion to amend pleadings and motion to add parties to twenty-one days after [] Defendant Aldous & Associates responds to Plaintiff's written questions propounded pursuant to Plaintiff's Notice of Deposition . . . .[1]

Where Mr. Trinkl failed to satisfy federal and local rule requirements, but Aldous failed to respond to the motion, Mr. Trinkl's motion is granted in part and denied in part. Aldous will not be compelled to attend at the court reporter's office for a written deposition, but Mr. Trinkl's deadline to file a motion to amend pleadings or add parties is extended to twenty-one days after Aldous's deposition.

---

[1] (Pl.'s Mot. to Extend Scheduling Deadlines ("Mot."), Doc. No. 20.)

1

BACKGROUND

On August 12, 2024, Mr. Trinkl served a "Notice of Deposition by Written Questions" on Aldous, which provided a specific date, time, and place for Aldous's deposition (August 26, 2024 at 2:00 p.m. at a court reporter company's facility).[2] On August 21, Aldous responded that no representative would be available on the date Mr. Trinkl provided.[3] Aldous also proposed holding the deposition on September 6.[4] On August 21, Mr. Trinkl responded that he would "not be postponing the deposition."[5] On August 23, Aldous reaffirmed its representatives were "simply not available on the date you have requested," but noted it would be "more than happy to reschedule the deposition or provide written responses to the [deposition] questions."[6] Mr. Trinkl did not respond to this email.[7]

After no representative of Aldous showed up at the time and place Mr. Trinkl proposed for the deposition, Mr. Trinkl emailed Aldous on August 27, asking to confer

---

[2] (*See* Ex. A to Mot., Notice of Dep. by Written Questions ("Notice of Dep."), Doc. No. 20-1.)

[3] (*See* Ex. B to Mot., Email Correspondence, Doc. No. 20-2 at 1.) The email correspondence Mr. Trinkl submitted appears to be excerpts pasted from an email chain, rather than a screenshot of the email chain.

[4] (*Id.*)

[5] (*Id.* at 2.)

[6] (*Id.* at 2–3.)

[7] (*See id.* at 3.)

about Aldous's "failure to attend for [its] deposition."[8]  Aldous did not respond, and Mr. Trinkl emailed Aldous again on August 30, reiterating his request to confer."[9]

The next day (August 31), Mr. Trinkl filed a motion seeking to (1) compel Aldous to attend a deposition and (2) extend the deadline for Mr. Trinkl to file a motion to amend pleadings or add parties to twenty-one days after the deposition.[10]  Mr. Trinkl argues Aldous did not provide a "sufficient reason" for its failure to attend the deposition.[11]  Aldous did not respond to the motion.

## ANALYSIS

As explained below, because Mr. Trinkl failed to satisfy federal and local rules requiring meaningful conferral before filing a discovery motion, and failed to comply with professionalism and civility standards, his motion is denied to the extent it seeks to compel Aldous's written deposition at the court reporter's office.  However, where Aldous failed to respond to Mr. Trinkl's motion, Mr. Trinkl's motion is granted to the extent it seeks to extend Mr. Trinkl's deadline to file a motion to amend pleadings or add parties to twenty-one days after Aldous's deposition.

---

[8] (*Id.*)

[9] (*See id.*)

[10] (Mot. 1–2, Doc. No. 20.)  Mr. Trinkl seeks to extend the pleading-amendment and party-adding deadlines (which expired on September 1, 2024) because he intends to use Aldous's deposition to discover whether he should name additional defendants. (*See id.* at 2–3.)

[11] (*Id.* at 5.)

3

Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a party may depose another party by serving a notice of deposition which "must state the time and place of the deposition."[12] And Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure permits sanctions if a party fails to appear for a properly noticed deposition.[13] But a motion for sanctions under Rule 37(d)(1)(A)(i) "must include a certification that the movant has in good faith conferred or attempted to confer with the [opposing] party" before seeking court intervention.[14] Relatedly, under Rule 37-1 of the Local Rules of Civil Practice, a party "must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26–37 before seeking court assistance."[15] Reasonable efforts, "[a]t a minimum," must include a written communication identifying the dispute and requesting to meet and confer, "includ[ing] suggested dates and times."[16]

---

[12] Fed. R. Civ. P. 30(b)(1). Rule 30(b)(6) allows a party to name a business entity (such as Aldous) as the deponent. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity . . . ."). Rule 30(b)(6) depositions are subject to the notice provisions of Rule 30(b)(1). *See, e.g., Gulfstream Worldwide Realty, Inc. v. Philips Elecs. N. Am. Corp.*, No. CIV 06-1165, 2007 U.S. Dist. LEXIS 97735, at *19–21 (D.N.M. Oct. 24, 2007) (unpublished) (applying Rule 30(b)(1) notice rules to a Rule 30(b)(6) deposition).

[13] *See* Fed. R. Civ. P. 37(d)(1)(A)(i).

[14] Fed. R. Civ. P. 37(d)(1)(B).

[15] DUCivR 37-1(a)(1).

[16] DUCivR 37-1(a)(2).

More specific to deposition scheduling, the Utah Standards of Professionalism and Civility require attorneys to "endeavor to consult with other counsel so that depositions, hearings, and conferences are scheduled at mutually convenient times."[17] This reflects the fact that "unilateral noticing of depositions is not the typical or courteous practice in this district."[18]  Instead, "counsel are expected to consult with other counsel in order to find a mutually convenient date and time for the deposition."[19]

Mr. Trinkl did not comply with any of these rules requiring counsel to confer about deposition scheduling before filing a motion.  Rather than consulting with Aldous to schedule a mutually convenient time and place, Mr. Trinkl unilaterally selected a time and place and served the notice, and then refused to reschedule the deposition when Aldous responded (promptly) offering a different date.[20]  And although Mr. Trinkl later

---

[17] Utah Standards of Professionalism and Civility ¶ 15, https://www.utcourts.gov/en/about/courts/appellate-courts/civility.html [https://perma.cc/CP3C-NR53]; *see also* DUCivR 83-1.1(d)(1) ("An attorney who practices in this court must comply with the . . . Utah Standards of Professionalism and Civility.")

[18] *In re Aramark Sports & Ent. Servs., LLC*, No. 2:09-cv-637, 2011 U.S. Dist. LEXIS 121925, at *4 n.3 (D. Utah Oct. 20, 2011) (unpublished).

[19] *Id.* (citing Utah Rules of Pro. Prac. § 14-301 (incorporating Utah Standards of Professionalism and Civility ¶ 15)).

[20] *See Borandi v. USAA Cas. Ins. Co.*, No. 2:13-cv-141, 2014 U.S. Dist. LEXIS 199987, at *5 (D. Utah Feb. 3, 2014) (unpublished) (finding counsel violated the Utah Rules of Professional Practice "by failing to consult with Defendant's counsel to either schedule the depositions of Defendant and [a nonparty] at a mutually convenient time for the deponents and all counsel, or to cooperate with Defendant's counsel to make reasonable adjustments to the scheduling of the depositions").

requested to confer, he did not provide "suggested dates and times."[21]  Mr. Trinkl's motion also fails to "include a certification that the movant has in good faith conferred or attempted to confer."[22]  Under these circumstances, Mr. Trinkl is not entitled to an order compelling Aldous "to attend at the court reporter's office for [a] deposition upon written questions."[23]  The parties are ordered to meet and confer in good faith within fourteen days to set a mutually agreeable date, time, and place for Aldous's deposition.  If a dispute remains, either party may file a new motion that complies with the Federal Rules of Civil Procedure, the Utah Standards of Professionalism and Civility, and this district's Local Rules of Civil Practice.

Nevertheless, where Aldous did not respond to Mr. Trinkl's motion, Mr. Trinkl's request to extend his deadline to file a motion to amend pleadings or add parties to twenty-one days after Aldous's deposition is granted.  Finally, where Mr. Trinkl's motion

---

[21] *See* DUCivR 37-1(a)(2)(B).

[22] *See* Fed. R. Civ. P. 37(d)(1)(B); *see also* DUCivR 37-1(b)(2) (providing a motion regarding a discovery dispute must "include a certification that states (i) the parties made reasonable efforts to reach agreement on the disputed matters; (ii) the date, time, and method of the reasonable efforts; and (iii) the names of all participating parties or attorneys").

[23] (Mot. 1, Doc. No. 20.)

is granted in part and denied in part (and was improperly raised due to a lack of conferral), Mr. Trinkl's request for attorney fees[24] is denied. [25]

## CONCLUSION

Mr. Trinkl's motion[26] is granted in part and denied in part.  Where Mr. Trinkl failed to satisfy federal and local conferral requirements, and failed to comply with professionalism standards, Aldous will not be compelled to attend a written deposition at the court reporter's office.  Instead, the parties must meet and confer in good faith within fourteen days to set a mutually agreeable date, time, and place for Aldous's deposition.  However, given the parties' disagreement and the lack of a response to Mr. Trinkl's motion, Mr. Trinkl's deadline to file a motion to amend pleadings or add parties is extended to twenty-one days after Aldous's deposition.

DATED this 28th day of October, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[24] (*See* Ex. to Mot., Proposed Order, Doc. No. 20-3 (requesting "costs and attorney fees incurred as a result of [Aldous's] non-attendance at its August 26, 2024 deposition upon written questions.").)

[25] *See* Fed. R. Civ. P. 37(d)(3) (noting the court need not award expenses if "other circumstances make an award of expenses unjust").

[26] (Doc. No. 20.)